IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 07-176 |
| | ) | |
| LESLIE SMITH | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("defendant's motion") (Docket No. 97) filed by defendant Leslie Smith ("defendant"). Upon reviewing defendant's motion and the government's brief in response (Docket No. 99), defendant's motion will be denied because he received a mandatory minimum sentence.

**I. Background**

On May 1, 2007, a federal grand jury returned a one-count indictment charging defendant with a drug-related offense. Defendant was charged with possession with the intent to distribute fifty grams or more of cocaine base, in the form commonly known as crack, a Schedule II controlled substance on or about December 8, 2005 ("count one"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).

On February 10, 2009, defendant pled guilty to count one of the indictment. On February 26, 2010, this court sentenced defendant to a term of imprisonment of one

hundred and twenty months, the statutory mandatory minimum penalty applicable to his crack cocaine violation. See U.S.C. 21 §§ 841(a)(1) and (b)(1)(A)(iii).

On March 24, 2010, defendant filed a motion requesting the court to reduce his sentence based upon retroactive application of an amendment to the United States Sentencing Guidelines (the "Sentencing Guidelines" or "guidelines") applicable to crack cocaine violations. On April 15, 2010, the government filed its response in opposition.

## II. Standard of Review

Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). If the defendant's sentence, however, was based upon a sentencing range under the Sentencing Guidelines that has been subsequently lowered, then the court may reduce the defendant's term of imprisonment, provided the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is found at § 1B1.10 of the Sentencing Guidelines. It states that a reduction is warranted where the applicable guideline range has subsequently been lowered as the result of one of the guideline amendments listed in § 1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10. If the sentencing range is not reduced by a listed amendment, then, under § 3582, the defendant is not eligible for a reduction in sentence. Even if eligible for a reduction, § 3582(c)(2) does not provide for a "full de novo resentencing." United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) (citing United States v. Faulks, 201 F.3d 208, 210 (3d Cir. 2000); United States v. Cothran, 106

F.3d 1560, 1562 (11th Cir. 1997)). The amended sentencing guideline provision is substituted for the corresponding provision, and all other guideline application decisions are not altered. Cothran, 106 F.3d at 1562.

### III. Analysis

Defendant argues that his sentence should be reduced by application of a 1:1 ratio for crack cocaine and powder cocaine. Defendant relies upon a "significant change in the crack cocaine law" which he alleges should result in his "dramatic sentence reduction" of a term of imprisonment from one hundred twenty months to fifty-seven months. (Mot. 1.) (Docket No. 97.) Defendant does not specify the authority upon which he relies for the basis of his request. It is apparent to the court, however, that defendant's motion is based upon the Sentencing Commission's amendment 706, which had the effect of lowering crack cocaine offenses by two levels, and authorizing a court to reduce retroactively a defendant's term of imprisonment, pursuant to 18 U.S.C. § 3582(c).

**Amendment 706**

Amendment 706 of the Sentencing Guidelines authorizes a district court to reduce a defendant's prison sentence pursuant to 18 U.S.C. § 3582(c)(2) for a crack cocaine offense if the defendant's sentence was based on a sentencing range that amendment 706 subsequently lowered. United States v. Doe, 564 F.3d 305, 312 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)(2), and United States v. Poole, 550 F.3d 676, 678 (7th Cir. 2008)). A

3

reduction in a defendant's prison sentence, however, is not authorized under § 3582(c)(2) and is not consistent with the Sentencing Commission's policy statement if "an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision *(e.g., a statutory mandatory minimum term of imprisonment)*." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1 (emphasis added).  A district court, therefore, is precluded from reducing a defendant's sentence if that sentence was based upon the statutory mandatory minimum sentence for crack cocaine violations.  Doe, 564 F.3d 305 at 315; see United States v. Eirng, No. 05-4595, 2010 WL 772189, at *2 (3d Cir. Mar. 8, 2010); United States v. Trapps, 289 F. App'x 953 (7th Cir. 2008).

The guidelines further provide that a defendant cannot be sentenced below the statutory mandatory minimum term of imprisonment.  According to § 5G1.1(c) of the guidelines, if a defendant is sentenced on a single count of conviction, "a sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(c).

Here, defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because the court sentenced him to the statutory mandatory minimum term of imprisonment for his crack cocaine violation.  In Sanchez-Cordero v. United States, 317 F. App'x 267 (3d Cir. 2009), the defendant was sentenced to the statutory mandatory

minimum sentence - ten years - for possession of more than fifty grams of crack cocaine. The Court of Appeals for the Third Circuit held that the defendant was ineligible for a sentence reduction, because he was sentenced to a mandatory minimum term of imprisonment. Id. In United States v. Pearson, No. 04-433, 2008 WL 5101639, at *1 (E.D. Pa. Dec. 3, 2008), the defendant was convicted with intent to distribute crack cocaine base, and was sentenced to the statutory mandatory minimum term of imprisonment of ten years. The court held that since amendment 706 had no impact upon statutory mandatory minimum sentences, the defendant's motion was denied. Id. Similarly, in United States v. Moore, No. 01-0145, 2008 WL 1859988, at *1 (W.D. Pa. Apr. 25, 2008), the defendant was convicted of possession with intent to distribute five or more grams of cocaine, and was sentenced to the statutory mandatory minimum term of imprisonment of sixty months. The court denied the defendant's request for a sentence reduction because the defendant was sentenced to the statutory mandatory minimum term of imprisonment, and amendment 706 did not have the effect of lowering the applicable guideline range. Id.

Other jurisdictions have denied motions for a reduction of sentence pursuant to § 3582(c)(2) when the defendant received a statutory mandatory minimum sentence. See, e.g., Poole, 550 F.3d at 677 (Court of Appeals for the Seventh Circuit held that the district court lacked subject-matter jurisdiction to reduce a defendant's sentence because it was based upon the statutory mandatory minimum sentence, and not on a range lowered by retroactive amendment); United States v. Ganun, 547 F.3d 46 (1st Cir. 2008) (Court of

Appeals for the First Circuit held that the district court lacked the authority to reduce defendant's sentence, because the defendant was sentenced to a mandatory minimum sentence); United States v. Black, 523 F.3d 892 (8th Cir. 2008) (Court of Appeals for the Eighth Circuit affirmed the district court's decision to limit reduction to the mandatory statutory minimum sentence, since the district court was prohibited from reducing any further, even after United States v. Kimbrough, 552 U.S. 85 (2007)); United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994) ("Section 3582(c)(2) confers no power on the district court to reduce a minimum sentence mandated by statute.").

Here, defendant cannot be resentenced. As already discussed, amendment 706 is not applicable to defendant because he was sentenced to the statutory mandatory minimum term of imprisonment. Therefore, this court lacks jurisdiction to modify his sentence.

### IV. Order

**AND NOW**, this 30th day of July, 2010, upon consideration of petitioner's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 97), and the government's brief in response (Docket No. 99), **IT IS HEREBY ORDERED** that defendant's motion is **DENIED**.

By the court:


 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge


cc: Leslie Smith
Doc & POD No. 26118, 7-D-111
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219-3100