IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   )
                            )
            v.              )        Criminal No. 07-176
                            )
LESLIE SMITH                )
                            )
            Defendant       )

MEMORANDUM ORDER

CONTI, District Judge.


Pending before the court is a motion for a sentence reduction pursuant to 18 U.S.C. §

3582(c)(2) ("§ 3582") (the "Motion") (ECF No. 103), filed by defendant Leslie Smith

("defendant").  The Motion appears to seek a sentence reduction by reason of a retroactive

application of the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. 111-220, 124

Stat. 2372 (2010).  Upon reviewing the Motion and the government's response thereto (ECF No.

104), the Motion will be denied because at this time the Fair Sentencing Act cannot be

retroactively applied.


**I.  Background**

On May 1, 2007, a federal grand jury returned a one-count indictment charging defendant

with possession with the intent to distribute fifty grams or more of cocaine base, in the form

commonly known as crack, on or about December 8, 2005 (count I), in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(A)(iii).  On February 10, 2009, defendant pled guilty to count I of the indictment.

On February 26, 2010, the court sentenced defendant to the applicable mandatory minimum sentence of one hundred and twenty months, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). The statute in effect at the time of defendant's sentencing triggered a mandatory minimum term of imprisonment of one hundred and twenty months for the amount of drugs involved in the offense for which defendant was convicted.  The Fair Sentencing Act increased the drug amount which would trigger the mandatory minimum term for defendant's convicted offense.  In other words, if the Fair Sentencing Act was retroactive, the applicable mandatory minimum sentence would be sixty months for the amount of drugs involved in defendant's offense.

On March 24, 2010 defendant filed an initial motion for a sentence reduction (ECF No. 97), pursuant to § 3582.  In that motion, defendant requested the court to reduce his sentence based upon a change in the guidelines which retroactively would reduce his sentence from one hundred and twenty months to fifty-seven months.  On July 30, 2010, the court issued a memorandum order ("Memorandum Order") (ECF No. 102) with respect to that motion.  See United States v. Smith, Crim. No. 07-176, 2010 WL 3039177, at *2 (W.D. Pa. July 30, 2010). Although defendant did not specify the authority upon which he relied to support his request for relief, in the Memorandum Opinion the court noted:

> It is apparent to the court, however, that defendant's motion is based upon the Sentencing Commission's amendment 706, which had the effect of lowering crack cocaine offense by two levels, and authorizing a court to reduce retroactively a defendant's term of imprisonment, pursuant to 18 U.S.C. § 3582.

Smith, 2010 WL 3039117, at *1. The court denied defendant's motion based upon a lack of jurisdiction due to defendant's ineligibility for a sentence reduction pursuant to § 3582 because

he was sentenced to the statutory mandatory minimum term of imprisonment.  Id. (citing

Sanchez-Cordero v. United States, 317 F. App'x 267 (3d Cir. 2009) (finding the defendant was

ineligible for a sentence reduction, because he was sentenced to a mandatory minimum term of

imprisonment)).

In the instant Motion, defendant again requests the court to lower his sentence of one

hundred and twenty months to fifty-seven months based upon a new law signed by the

"President of the United States . . .  [m]aking [c]rack [c]ocaine v. [p]owder [c]ocaine equal."

(Mot. 1 (ECF No. 103.))  Defendant argues that the new sentencing ratio of 18 to 1 between

crack and powder cocaine will result in reducing his sentence from one hundred and twenty

months to fifty-seven months.  Defendant acknowledges that the new law was not made

retroactive at the time he filed the Motion.   Defendant does not specify the authority upon which

he relies in support of the Motion.  It appears to the court, however, that defendant's second

request pursuant to § 3582 is based upon a retroactive application of the Fair Sentencing Act.

## II. Standard of Review

Generally, a district court may not alter a criminal sentence of punishment once it has

been imposed, and may only do so in limited circumstances.  United States v. Wise, 515 F.3d

207, 220 (3d Cir. 2008).  See 18 U.S.C. § 3582(b), (c).  Specifically, a district court is without

authority to modify a term of imprisonment once it has been imposed absent "the  Bureau of

Prisons mov[ing]for a reduction, the Sentencing Commission amend[ing] the applicable

Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so."  United

States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (citing 18 U.S.C. § 3582(c)).

### III. Discussion

Smith argues that this court should apply retroactively the Fair Sentencing Act to reduce his mandatory minimum sentence and his guideline range for a term of imprisonment. The Fair Sentencing Act was enacted on August 3, 2010. The Fair Sentencing Act reduced penalties for crack cocaine offenses and directed the United States Sentencing Commission to review and within ninety days amend the advisory sentencing guidelines to account for the reductions. On November 1, 2010, the relevant amendments to the guidelines became effective. Under the statutory amendments, the mandatory minimum sentence to which Smith was subject would be lowered from ten years to five years and under the amendments to the guidelines the advisory guideline range for his term of imprisonment would be lowered to a term of imprisonment from one hundred months to a minimum term of sixty months.

Absent an express provision in the Fair Sentencing Act for retroactive application, a court must apply the penalties in place at the time the offense in issue was committed. See 1 U.S.C. § 109. The general savings statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, <u>unless the repealing Act shall so expressly provide</u>, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109 (emphasis added).

There is no express retroactive provision in the Fair Sentencing Act. Although Smith acknowledges that the "new law" was not made retroactive at the time he filed the Motion, his

request implies that it will be made retroactive at a later date.  To date, there has been no change in the Fair Sentencing Act.[1]

In United States v. McKeithan, No. 10-3981, 2011 WL 2210156 (3d Cir. June 8, 2011), the court of appeals recognized that the "Fair Sentencing Act of 2010 has not been made retroactive by the Supreme Court to cases on collateral review."  Id. at *2; see United States v. Patillo, 403 F. App'x 761, 767 (3d Cir. 2010) (unpublished opinion)  ("[T]he Fair Sentencing Act, which was signed into law some two years after [the appellant] was sentenced ... does not apply retroactively.") (citations omitted); see United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010) (affirming the district court's finding that the Fair Sentence Act does not retroactively apply to a person sentenced prior to the effective date of the Fair Sentencing Act; the Fair Sentencing Act "does not contain an express statement that the increase in the amount of crack cocaine triggering the five-year mandatory minimum is to be applied to crimes committed before the [Fair Sentencing Act's] effective date.").

---

[1]  On June 30, 2011, the United States Sentencing Commission approved a proposed amendment to the sentencing guidelines that would retroactively apply the guidelines adopted pursuant to the Fair Sentencing Act. See Press Release, U.S. SENTENCING COMMISSION (June 30, 2011), http://www.ussc.gov/Legislative_and_Public_Affairs/Newsroom/Press_Releases/20110630_Press_Release.pdf. The amendment will become effective on November 1, 2011, "except to the extent that effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress."  28 U.S.C. § 994(p).

The amendment, however, would not affect the statutory provisions of the Fair Sentencing Act, such as mandatory minimums, because only Congress can make a statute retroactive. See 1 U.S.C. § 109; Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 664 (1974) (holding that an ameliorative statutory change in the eligibility for parole could not be given retroactive effect because a savings clause section of the repealing act and 1 U.S.C. § 109 "saved from repeal the bar of parole eligibility. . . .").  Therefore, an inmate serving a mandatory minimum sentence would not be eligible for a sentence reduction under this amendment to the guidelines.

On June 23, 2011, Representative Robert Scott introduced a bill that would retroactively apply the statutory provisions of the Fair Sentencing Act - The Fair Sentencing Clarification Act, H.R. 2316, 112th Cong. (2011). Under the provisions of the bill, inmates would be eligible to apply for a sentence reduction if appropriate.

District courts within the Third Circuit have followed this guidance.  See United States v. Smith, Crim. No. 06-351-3, 2011 WL 710205, at *1 (E.D. Pa. Feb. 28, 2011) (denying § 3582 petition for retroactive application of the Fair Sentencing Act); United States v. Bennafield, Cr. No. 05-12, 2010 WL 4637770, at *1 (W.D. Pa. Nov. 8, 2010) (same); United States v. Brooks, Cr. No. 07-05, 2010 WL 4637777, at 1 (W.D. Pa. Nov. 8, 2010) (same).

## IV. Conclusion

Because defendant was sentenced on February 26, 2010, he is not eligible for any reduction in his sentence based upon the Fair Sentencing Act, which became effective on August 3, 2010.  Smith's Motion will be denied because the Fair Sentencing Act was not made expressly retroactive.  If the statute is amended to have a retroactive effect, he may thereafter be entitled to seek modification of his term of imprisonment under 18 U.S.C. § 3582(c)(2).

## IV.  Order

**AND NOW**, this 5th day of July, 2011, upon consideration of the Motion filed by Leslie Smith, pursuant to 18 U.S.C. § 3582(c)(2) (ECF No.103), and the government's response thereto (ECF No. 104), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

By the court:

 /s  JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc:    Leslie Smith
       09491-068
       F.C.T. Gilmer
       P.O. Box 6000
       Glenville, WV 26351